IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIANE C. SIMS | * |
| | * |
| v. | * Civil No. JKS-09-61 |
| | * |
| MICHAEL J. ASTRUE | * |
| Commissioner of Social Security | * |
| | * |

**MEMORANDUM OPINION**

Plaintiff Diane Sims brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act (the Act). Both parties' motions for summary judgment and Sims' alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Sims' motion for remand will be granted, and the Commissioner's motion for summary judgment will be denied.

1. **Background.**

Sims applied for DIB and SSI benefits on March 3, 2005, alleging an onset of disability on January 2, 2002. Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 3, 2007, at which Sims was represented by counsel. On April 27, 2007, the ALJ found that Sims was not disabled within the meaning of the Act, (R. 6), and on November 13, 2008, the Appeals Council denied her request for review, (R. 1). Thus, the ALJ's determination became the Commissioner's final decision.

2. **ALJ's Decision.**

The ALJ evaluated Sims' claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Sims has not engaged in substantial gainful

activity since the alleged onset date. At step two, the ALJ concluded that Sims suffers from trochanteric bursitis, affective disorder, anxiety disorder, an unspecified personality disorder, and a respiratory disorder. (R. 11). At step three, the ALJ determined that Sims does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14).

At step four, the ALJ found that Sims has the residual functional capacity (RFC) to perform light and sedentary work with the ability to walk or stand for 4 hours and sit for 6 hours in an 8 hour day. The ALJ also found that Sims should not use push/pull controls with her legs, carry objects above shoulder height, climb ladders, ropes or scaffolds, be exposed to hazardous heights or moving machinery, or be exposed to extreme temperature changes. Sims also should be limited to low stress work due to her depression/dysthymia. He further found that Sims retained the ability to occasionally climb stairs and ramps, to balance, to stoop to kneel and crouch, but is not able to crawl. The ALJ noted that Sims should avoid concentrated exposure to excessive vibration or dusts, fumes, chemicals, poor ventilation, and excessive humidity or wetness. The ALJ found that Sims has moderate limitations completing a normal work day or work week without interruption from psychological symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding appropriately to supervisors, and interacting with coworkers and peers. The ALJ also precluded Sims from direct, immediate contact with the general public on a regular basis, but not from all contact. (R. 14).

Once determining that Sims was unable to perform past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs exist in significant numbers in the national economy that the claimant can perform. (R. 17). As a result, the ALJ

determined that Sims was not disabled with the meaning of the Act. (R. 19).

3. **<u>Standard of Review</u>.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **<u>Discussion</u>.**

Sims poses three allegation of error. She claims that the ALJ: failed to properly develop the administrative record; erred in assessing her RFC; and erred in evaluating her subjective complaints. Because the errors in assessing the RFC require remand, only that issue will be addressed.

In assessing Sims' RFC, the ALJ first discussed the existing medical records regarding her trochanteric bursitis and asthma, finding that these conditions support a finding that she cannot stand or walk for more than 4 hours in an 8 hour work day and that she must avoid concentrated exposure to excessive vibration or dusts, fumes, chemicals, poor ventilation, or excessive humidity or wetness. (R. 15). These findings are not alleged to be erroneous.

The ALJ found that Sims suffers from affective disorder (depression) which in combination with her anxiety causes moderate limitations in completing a normal work day or week and in performing at a consistent pace without an unreasonable number and length of rest periods, and limits her to only limited contact with the general public. (R. 16). The ALJ cites to no medical record to support these conclusions, and discussed only one medical record regarding Sims' affective disorder, that of treating physician Dr. Chechelashvili. However, unlike the ALJ, Dr. Chechelashvili opined that Sims has marked deficiencies of concentration, persistence or pace, repeated episodes of decompensation, each of extended duration, and would be absent from work more than three times per month because of her impairments. Dr. Chechelashvili further opined that Sims has marked deficiencies in the ability to maintain attention for two hour segments, sustain an ordinary routine without special supervision, work in coordination with others, complete a normal workday, accept instructions and respond appropriately to criticism, get along with coworkers, respond appropriately to changes in routine, and deal with normal work stress. (R. 130-34). If these findings had been accepted, Sims would have been found disabled,[1] but the ALJ rejected all of them on the basis that there was little explanation provided for them and that no incidences of decompensation were documented in the record. (R. 16-17).

A treating physician's opinion may be disregarded where there is persuasive contradictory evidence. *Craig v. Chater*, 76 F. 3d 585, 590 (4th Cir. 1996); *Wilkins v. Secretary of DHHS*, 953 F.2d 93, 96 (4th Cir. 1991). Here, neither the ALJ nor the Commissioner references any contradictory evidence. Indeed, the Commissioner's entire argument in support

---

[1] The VE testified that if Sims had a marked limitation in the ability to sustain an ordinary routine without special supervision or a marked limitation in the ability to deal with normal work stress, all work would be precluded. (R. 53-54).

4

of the ALJ's rejection of Dr. Chechelashvili's opinion consists of making the point that the opinion was accepted to the extent that it indicated "various depressive symptoms" and that the ALJ discussed other evidence indicating anxiety related symptoms. (R. 12). However, there is a lack of any medical evidence either contradicting the treating physician's opinion or supporting the ALJ's RFC. A conclusion unsupported by substantial evidence cannot be affirmed.

The error in reaching a conclusion unsupported by evidence is further compounded here because the ALJ failed to consider records submitted after the ALJ stated that those records were needed in order to render a decision. (R. 25). Sims also notes that the ALJ did not consider other evidence that supported her claim. Specifically, Dr. Klemme stated, on April 12, 2005, that Sims was incapable of working until further evaluation of her post-traumatic stress disorder (PTSD), (R. 153); and Dr. Fox stated on April 9, 2007, that Sims remained depressed and unable to function in a work environment. (R. 235). In sum, three separate VA physicians opined that Sims was unable to work as a result of her psychiatric condition, (R. 129–34, 153, 235), and neither the ALJ nor the Commissioner here cited any evidence supporting the conclusion that she is able to work.

**5. Conclusion.**

For the foregoing reasons, Sims' motion for remand will be granted, and the Commissioner's motion for summary judgment will be denied.

Date: April 19, 2011                                                                 /S/
                                                                                                    JILLYN K. SCHULZE
                                                                                                    United States Magistrate Judge

5